UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THEODORE
W. SHORT, SR.

Case No. 1:12-CV-903

_____/ HON. GORDON J. QUIST

### MEMORANDUM ORDER REMANDING CASE

This case concerns a dispute among the children of Theodore W. Short, Sr., deceased, about how to dispose of Short, Sr.'s remains. It appears that Theodore W. Short, Jr. – one of Short, Sr.'s children – made funeral arrangements that included cremation, but Todd W. Short and Robyn S. Morris – Short, Sr.'s eldest children – withdrew their consent to cremation. Due to this disagreement, Short, Jr. filed a Petition For Order Authorizing Cremation and Disposition of Remains in the Branch County Probate Court on August 22, 2012. On August 23, 2012, the probate court issued an order setting Short, Jr.'s petition for hearing on August 27, 2012.

On August 27, 2012, Todd W. Short filed a Notice of Removal of Petition For Order Authorizing Cremation and Disposition of Remains. In his Notice of Removal, Todd W. Short complains about *ex parte* contacts between the probate judge and Short, Jr.'s counsel, as well as the lack of adequate time to travel to and prepare for the hearing. However, the Notice of Removal does not establish the basis for this Court's removal jurisdiction.

As courts of limited jurisdiction, federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*. *See Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 710-11 (6th Cir. 2012). The party removing a case from state to federal court has the burden of establishing removal jurisdiction, "and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)). "The existence of subject matter

jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).

Short, Jr.'s petition seeks an order from the probate court to dispose of Short, Sr.'s remains by cremation; it discloses no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. The only basis for jurisdiction, therefore, is diversity jurisdiction pursuant to 28 U.S.C. § 1332. To the extent Todd W. Short seeks to invoke diversity jurisdiction, he "has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, __ U.S. __, 130 S. Ct. 1181, 1194-95 (2010)).

To meet its burden of proving diversity jurisdiction, the removing party must show that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Apart from the fact that Todd. W. Short fails to allege diversity of citizenship in his Notice of Removal, he fails to even show how the amount in controversy is met in this case. In this regard, the Court has a difficult time imagining how this case could even meet the jurisdictional threshold or how a removing party would make such a showing. Nonetheless, the Court need not resolve the issue because the burden was on Todd W. Short to show that the amount in controversy exceeds $75,000. Because he has not done so, the case is properly remanded to the state probate court. Therefore,

**IT IS HEREBY ORDERED** that this case is **remanded** to the Branch County Probate Court pursuant to 28 U.S.C. § 1447(c) and (d).

This case is **concluded** before this Court.

Dated: August 30, 2012                                  /s/ Gordon J. Quist
                                                                                                  GORDON J. QUIST
                                                                             UNITED STATES DISTRICT JUDGE